UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM SHERLACH,<br><br>        Plaintiffs,<br><br>v.<br><br>ALEX EMRIC JONES; INFOWARS, LLC; FREE SPEECH SYSTEMS, LLC; INFOWARS HEALTH, LLC; PRISON PLANET TV, LLC; WOLFGANG HALBIG; CORY T. SKLANKA; GENESIS COMMUNICATIONS NETWORK, INC.; and MIDAS RESOURCES, INC.,<br><br>        Defendants. | Case No. 3:18-cv-01269<br><br>July 31, 2018 |

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and 1446, the Defendants Alex Emric Jones, Infowars, LLC, Free Speech Systems, LLC, Infowars Health, LLC, and Prison Planet TV, LLC (hereinafter "Infowars Defendants"), hereby remove to this Court the civil action from the Superior Court, Judicial District of Fairfield at Bridgeport, Connecticut ("state court") described below and in support state as follows:

1. On July 6, 2018, Plaintiff William Sherlach, filed an action against the Infowars Defendants, and others, in the state court, entitled *Sherlach v. Jones, et al.*, bearing a return date of July 24, 2018, and a Case No. FBT-CV18-6076475-S.

2. On July 3, 2018, Alex Emric Jones ("Jones") was allegedly served with a copy of Plaintiffs' original Writ, Summons, and Complaint, by attachment to the front door of his usual place of abode in Austin, Texas. A copy of the Complaint and Summons allegedly served upon Mr. Jones in the state court are attached hereto as **Exhibit 1**. Such documents were received by Mr. Jones on July 3, 2018.

3. The Infowars Defendants have not yet answered or otherwise responded to the referenced Complaint. An Appearance for the Infowars Defendants was filed in the state court on July 26, 2018 (**Exhibit 2**).

4. Plaintiff filed an initial return of service on July 6, 2018 (**Exhibit 3**) and a supplemental return as to Mr. Jones on July 10, 2018 (**Exhibit 4**).

5. Defendant Jones may be deemed to have first received a copy of the Complaint on July 3, 2018, when it was allegedly served upon his place of abode. This Notice of Removal is timely and filed with this Court within the 30 days after receipt by Mr. Jones of the initial pleadings setting forth the claims for relief upon which this action is based.

6. Upon information and belief, Plaintiff is a citizen and resident of the State of Connecticut. *See* Complaint at ¶ 21.

7. Defendant Alex Emric Jones is a citizen and resident of the State of Texas. *See* Declaration of Alex Emric Jones ("Jones Decl."), attached as **Exhibit 5**, at ¶ 4.

8. Defendant Infowars, LLC, is a limited liability company organized under the laws of the State of Texas and has its principal place of business therein. *See* Jones Decl. at ¶ 5. Mr. Jones is the sole member of Infowars, LLC. *See id.* at ¶ 6.

9. Defendant Free Speech Systems, LLC, is a limited liability company organized under the laws of the State of Texas and has its principal place of business therein. *See* Jones Decl. at ¶ 7. Mr. Jones is the sole member of Free Speech Systems, LLC. *See id.* at ¶ 8.

10. Defendant Infowars Health, LLC, is a limited liability company organized under the laws of the State of Texas and has its principal place of business therein. *See* Jones Decl. at ¶ 9. Mr. Jones is the sole member of Infowars Health, LLC. *See id.* at ¶ 10.

11. Defendant Prison Planet TV, LLC, is a limited liability company organized under the laws of the State of Texas and has its principal place of business therein. *See* Jones Decl. at ¶ 11. Mr. Jones is the sole member of Prison Planet TV, LLC. *See id.* at ¶ 12.

12. Upon information and belief, Defendant Wolfgang Halbig is a citizen and resident of the State of Florida. *See* Complaint at ¶ 29.

13. Upon information and belief, Defendant Genesis Communications Network, Inc., ("Genesis") is a privately held company organized under the laws of the State of Minnesota and has its principal place of business therein. *See* Complaint at ¶ 31. Upon information and belief, Genesis does not do business in the State of Connecticut, nor has it otherwise appointed the Secretary of State for the State of Connecticut as its registered agent for service of process, thus it was not properly served within the meaning of 28 U.S.C. § 1446(b)(2)(A).

14. Upon information and belief, Defendant Midas Resources, Inc., is a privately held company organized under the laws of the State of Minnesota and has its principal place of business therein. *See* Complaint at ¶ 32.

15. Upon information and belief, Defendant Cory T. Sklanka ("Sklanka") is a citizen and resident of the State of Connecticut. *See* Complaint at ¶ 30. **Sklanka is not properly joined as a defendant pursuant to 28 U.S.C. § 1441(b)(2) & 1446(b)(2)(A).**

16. Plaintiffs' Complaint prays for damages, including monetary damages, punitive damages, attorneys' fees, and costs. *See* Complaint at p. 36.

17. Pursuant to 28 U.S.C. § 1446(d), copies of this Notice have been served on counsel for Plaintiff and all other parties and filed with the Clerk of the Superior Court, Judicial District of Fairfield. A Notice of Filing this Notice of Removal was also filed with said Clerk. In addition, a copy of all pleadings filed in the State Court action are filed herewith.

18. The action is removable pursuant to the provisions of 28 U.S.C. §§ 1332(a) & 1441(a) because there is complete diversity of citizenship between the properly joined parties. Plaintiffs is a Connecticut citizen. The defendants are citizens of Florida, Minnesota, and Texas, with the exception of Defendant Cory Sklanka, a Connecticut citizen, who was improperly joined.

19. As set forth by the Second Circuit, "[j]oinder will be considered fraudulent when it is established that there can be no recovery against the defendant under the law of the state on the cause alleged." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001). Simply put, "there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against" Mr. Sklanka "in state court." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998).

20. Factual allegations in the Complaint as to Sklanka are minimal—his sole purpose as a defendant is a clear attempt to break diversity. He allegedly "assisted and was present with Halbig when he [Halbig] filmed and harassed children [sic] families at the St. Rose of Lima church in Newtown, Connecticut on June 2, 2015." Complaint at ¶ 53. He allegedly "acted as Halbig's driver, and actively facilitated his appearance on Infowars." Complaint at ¶ 73. Plaintiff vaguely alleges that Sklanka and Halbig "acted together, as they both acted together with the Jones defendants, to develop, disseminate, and propagate many of the false statements described in this Complaint." Complaint at ¶ 78. Plaintiff also makes the conclusory allegation, without any supporting factual allegations, that Sklanka "was at all relevant times a servant, agent, apparent agent, employee, and/or joint venture of Halbig and the Jones Defendants." Complaint at ¶ 81.

21. Five claims are alleged against all defendants, including Sklanka: false light invasion of privacy; defamation *per quod* and *per se*; intentional infliction of emotional distress; negligent infliction of emotional distress; and violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.* Each of the first four claims also includes a claim for conspiracy, and the CUTPA claim uses similar language. None of the claims identify any specific actionable defamatory statement, statement putting a plaintiff in a false light, unfair trade practice, or action causing emotional distress by Mr. Sklanka, necessary to maintain a valid direct claim. The allegations speak more to the notion of a conspiracy.

22. The Complaint fails to sufficiently "allege the commission of a tortious act in furtherance of the conspiracy, which of course is necessary to establish liability for civil conspiracy, which is not an independent cause of action, but rather a separate legal basis upon which two or more persons can intentionally combine to commit an underlying legal wrong." *Weissman v. Koskoff, Koskoff & Bieder, P.C.*, No. HHDCV106012922S, 2011 Conn. Super. LEXIS 181, at *29 (Super. Ct. Jan. 19, 2011). A conspiracy requires that "one or more persons, by express or tacit agreement, act in combination with another for a particular purpose or to attain a particular end." *Harp v. King*, 266 Conn. 747, 781, 835 A.2d 953, 973 (2003). There is no plausible allegation Mr. Sklanka entered into any agreement or had a particular purpose or end to

harm plaintiffs. No actual role in the website or broadcasts is alleged as harming Plaintiffs. Merely driving and filming Mr. Halbig in some unspecified manner, especially where the sole allegation of semi-specific conduct by Mr. Sklanka does not mention Plaintiff at all. Complaint at ¶ 53. None of the other allegations as to Mr. Halbig, for whom Mr. Sklanka allegedly worked, for May 13, 2014, September 25, 2014, December 12, 2014, March 4, 2015, May 28, 2015, and May 29, 2015, even mention Mr. Sklanka. *Id*. at ¶¶ 122-163 & 182-212. In fact, the June 2, 2015 alleged incident appears nowhere in the so-called "Campaign of Abuse". *Id*. at ¶¶ 94-end.

23. Neither are any of the allegations as to Mr. Sklanka timely. All of the common law claims are governed by a two-year statute of limitations. *See* Conn. Gen. Stat. §§ 52-577, 52-584, & 52-597. All of the incidents involving Mr. Sklanka, the latest being June 2, 2015, were more than two years before the civil action was initiated.

24. Further, there is no basis to suggest that Mr. Sklanka, or any of the defendants, could be liable under CUTPA, which seems only to be included as it has a longer statute of limitations. Although the CUTPA claim has a three-year statute of limitations, per Conn. Gen. Stat. § 42-110g(f), such claim is not alleged as a conspiracy and the Complaint fails to identify any conceivable activity that would constitute an unfair trade practice by him. An essential criterion for determining whether a practice violates CUTPA is whether it causes substantial injury to consumers, competitors, or other businessmen. *McLaughlin Ford, Inc. v. Ford Motor Co*., 192 Conn. 558, 568, 473 A.2d 1185 (1984). Plaintiffs are not consumers, competitors, or related businessmen, and the CUTPA claim is ripe for dismissal as to all Defendants. Even if there were a cognizable CUTPA claim, however, the statute of limitations ran as to Mr. Sklanka; more than three years passed between the latest alleged conduct of Mr. Sklanka and Plaintiff's filing of this suit. Thus, Mr. Sklanka was improperly joined as a defendant and the matter may be properly removed.

25. The remaining defendants, being Defendants Halbig, Midas Resources, and Genesis Communications Network, have all consented to this removal.[1] *See* **Exhibits 6**, **7**, & **8**.

26. Although the Complaint does not set forth any dollar figure for alleged damages, the amount in controversy exceeds $75,000. Two of the causes are for infliction of emotional distress. "In the Second Circuit, 'garden variety emotional distress claims generally merit $30,000 to $125,000 awards.'" *MacMillan v. Millennium Broadway Hotel*, 873 F. Supp. 2d 546, 561 (S.D.N.Y. 2012) (quoting *Olsen v. Cty. of Nassau*, 615 F. Supp. 2d 35, 46 (E.D.N.Y. 2009)) (internal marks omitted). Thus, those causes meet the amount in controversy requirement. Similarly, as to the defamation claim, the plaintiffs allege that audiences hearing the allegedly false statements "included hundreds of thousands, if not millions, of people." *See* Complaint at ¶¶ 112, 115, 121, 137, 157 (hundreds of thousands only), 163, 172, 177 (hundreds of thousands only), 181, 195, 203, 212, 221, 228, 237, 255, 278 (millions), 281, 291, 310 (more than three million), 318, & 327 (tens of thousands, if not millions). Given the widespread nature of the alleged reputational harm, if a jury awarded 10 cents per audience member, the damages would exceed the amount in controversy requirement.

27. The Infowars Defendants have requested that the Clerk of the Superior Court for the Judicial District of Fairfield certify or attest copies of all records or proceedings filed in the State Court and all docket entries therein, with the same to be filed with this Court within 30 days.

WHEREFORE the Infowars Defendants, in the above action, now pending in the Superior Court for the Judicial District of Fairfield at Bridgeport, prays that such action be removed to this Court.

---

[1] As Mr. Sklanka was improperly joined as a defendant, his consent to removal is not required. *See, e.g., In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 295 (S.D.N.Y. 2001).

Dated: July 31, 2018.                    Respectfully submitted,

/s/ Jay M. Wolman
Jay M. Wolman, ct29129
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Tel:  702-420-2001
Fax:  305-437-7662
ecf@randazza.com

Marc J. Randazza, *pro hac vice* forthcoming
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
Tel:  702-420-2001
Fax:  305-437-7662
ecf@randazza.com

*Attorneys for Infowars Defendants*

Case No. 3:18-cv-01269

## CERTIFICATE OF SERVICE

   I hereby certify that, on this 31st day of July 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

   I further certify that copies of the foregoing document are being served by electronic mail and U.S. Mail upon the parties at the addresses below:

William M. Bloss
Matthew S. Blumenthal
KOSKOFF KOSKOFF & BIEDER
350 Fairfield Avenue
Bridgebort, CT 06604
<bbloss@koskoff.com>
<mblumenthal@koskoff.com>

*Attorneys for Plaintiff*

Stephen P. Brown
Nicole R Cuglietto
WILSON ELSER MOSKOWITZ
  EDELMAN & DICKER
1010 Washington Blvd., 8th Floor
Stamford, CT 06901
<stephen.brown@wilsonelser.com>
<nicole.cuglietto@wilsonelser.com>

*Attorney for Defendant*
*Midas Resources, Inc.*

Wolfgang Halbig
25526 Hawks Run Lane
Sorrento, FL 32776
<wolfgang.halbig@comcast.net>

*Self-Represented Defendant*

Lawrence L. Connelli
REGNIER TAYLOR CURRAN & EDDY
100 Pearl Street, 4th Floor
Hartford, Connecticut 06103
<LConnelli@rtcelaw.com>

*Attorney for Defendant*
*Cory T. Sklanka*

Ted Anderson
Genesis Communications Network, Inc.
190 Cobblestone Lane
Burnsville, MN 55337
<t.anderson@gcnlive.com>

*Representative for Defendant*
*Genesis Communications Network, Inc.*

                                        /s/ Jay M. Wolman
                                        Jay M. Wolman