**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| WILLIAM SHERLACH, | : | |
|     Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:18-CV-1269 (JCH) |
| v. | : | |
| | : | |
| ALEX EMERIC JONES, et al., | : | NOVEMBER 5, 2018 |
|     Defendants. | : | |

**RULING RE: MOTION TO REMAND (DOC. NO. 28)**

**I.  INTRODUCTION**

Before the court is plaintiff William Sherlach's Motion to Remand (Doc. No. 28). In addition, Sherlach seeks an award of attorney's fees.  Defendants argue that the Motion to Remand should be denied because Sherlach fraudulently joined a non-diverse party to defeat diversity jurisdiction.[1]  For the reasons stated below, the Motion for Remand is **GRANTED,** insofar as it seeks to remand the case, and **DENIED** insofar as it seeks attorney's fees.

**II.  BACKGROUND**

This case arises out of the shooting at Sandy Hook Elementary School in Newtown, Connecticut, on December 14, 2012.  See Notice of Removal, Ex. 1 (Summons and Complaint) ("Complaint") (Doc. No. 1-1) ¶ 1.  William Sherlach ("Sherlach"), filed suit against defendants Alex Emeric Jones, Infowars, LLC, Free

---

[1] Defendants filed two Oppositions to the Plaintiffs' Motion to Remand.  The first was submitted by defendants Alex Jones, Infowars, LLC, Infowars Health, LLC, Free Speech Systems, LLC, and Prison Planet TV, LLC.  See generally Infowars Defendants' Opposition to Motion to Remand (Doc. No. 38). The second was submitted by defendant Midas Resources, Inc. See generally Midas Opposition (Doc. No. 39).  Significant portions of the two filings are identical, and they raise substantially the same arguments.  Defendant Halbig joined in the legal arguments of the Opposition filed by defendants Jones, et al. See Halbig's Joinder in Other Defendants' Legal Arguments (Doc. No. 37).

1

Speech Systems, LLC, Infowars Health, LLC, Prison Planet TV, LLC, Wolfgang Halbig, Cory T. Sklanka, Genesis Communications Network, Inc., and Midas Resources, Inc. (collectively "defendants"), in the Superior Court, Judicial District of Fairfield at Bridgeport, Connecticut, on July 6, 2018.  Id.  Sherlach alleged that defendants are liable for (1) invasion of privacy by false light; (2) defamation; (3) intentional infliction of emotional distress; (4) negligent infliction of emotional distress; and (5) violation of Conn. Gen. Stat. § 42-110a, et. seq, the Connecticut Unfair Trade Practices Act ("CUTPA").  See id. ¶¶ 329–87.

On July 31, 2018, defendants filed a Notice of Removal.  See generally, Notice of Removal (Doc. No. 1).  Defendants argued that removal was proper because Sherlach fraudulently joined the only non-diverse defendant, Cory Sklanka.  See id. ¶ 18.  They argued that Sherlach's "sole purpose" in naming Sklanka as a defendant was to "attempt to break diversity," see id. ¶ 20, and that "there is no possibility, based on the pleadings, that [Sherlach could] state a cause of action against Mr. Sklanka in state court," id. ¶ 19 (quotations and citations omitted).

On August 15, 2018, Sherlach filed the Motion to Remand now pending before this court.  See generally, Motion to Remand (Doc. No. 28).  In his Memorandum of Law in Support of the Motion to Remand ("Pl.'s Mem. in Supp.") (Doc. No. 29), Sherlach argued that this court lacks subject matter jurisdiction because (1) complete diversity of citizenship between the parties is lacking, and (2) defendants failed to meet their burden to prove that Sklanka was fraudulently joined.  See Pl.'s Mem. in Supp. at 1.

Defendants Alex Jones, Infowars, LLC, Infowars Health, LLC, Free Speech Systems, LLC, and Prison Planet TV, LLC filed an Opposition to the Motion to Remand

on September 28, 2018.  See Infowars Defendants' Opposition to Motion to Remand (Doc. No. 39) at 1.  Defendant Midas Resources, Inc. filed an Opposition to the Motion to Remand on the same date.  See generally Midas Resources, Inc.'s Opposition to Motion to Remand (Doc. No. 39).  Sherlach filed an Omnibus Reply to Defendants' Oppositions to Remand (Doc. No. 42), on October 19, 2018.

## III. DISCUSSION

### A. Motion to Remand

A closely related case arising out of the same facts, and brought by different plaintiffs against the same defendants, was also removed to this court.  See Lafferty v. Jones, 3:18-cv-1156 (JCH).  Plaintiffs filed a Motion to Remand in that case, which the court has granted in a separate ruling.  See Ruling Re: Motion to Remand (Lafferty Doc. No. 58) ("Lafferty Ruling").  The underlying Complaint in state court and the briefing on the Motion to Remand in Lafferty are, with minor exceptions, the same as those in this case.[2]  The differences between the filings in Lafferty and those in this case do not alter the court's reasoning in its Lafferty Ruling.  The court incorporates the Lafferty Ruling here and, for the reasons stated therein, Sherlach's Motion to Remand (Doc. No. 28), is granted insofar as it seeks to remand the case to the Superior Court, Judicial District of Fairfield, at Bridgeport, Connecticut.

---

[2] The key distinctions between the filings in each case are: (1) differences in the paragraph numbering in the underlying Complaints, and (2) differences as to the defamatory statements alleged; Sherlach alleges that the defendants published defamatory material about himself and his wife, whereas the Lafferty plaintiffs alleged the publication of defamatory materials about themselves and their families.

3

B. Costs, Expenses, and Attorney's Fees

In addition to seeking remand, Sherlach has requested that the court award him just costs and attorney's fees. The plaintiffs in Lafferty also requested just costs and fees; the court denied that request in the Lafferty Ruling. For the reasons stated in the Lafferty Ruling, Sherlach's request for costs and fees is denied.

IV. CONCLUSION

For the reasons stated herein, the Motion for Remand is **GRANTED**, and this case is **REMANDED** to state court. Sherlach's request for costs and attorney's fees is **DENIED**. Because this case is remanded to state court, the defendants' pending Motions to Dismiss (Doc. Nos. 9, 21, 23, and 33) are **TERMINATED AS MOOT**. The Clerk is ordered to close this case

**SO ORDERED.**

Dated at New Haven, Connecticut this 5th day of November, 2018.

/s/ Janet C. Hall_____
Janet C. Hall
United States District Judge